
Reza Mirzaie (CA SBN 246953)
rmirzaie@raklaw.com
Neil A. Rubin (CA SBN 250761)
nrubin@raklaw.com
James Tsuei (CA SBN 285530)
jtseui@raklaw.com
Bradley A. Hyde (CA SBN 301145)
bhyde@raklaw.com
Susan Tull (DC SBN 992644)
stull@raklaw.com
Sarah Wang (NY SBN 5334602)
swang@raklaw.com
Mackenzie Paladino (NY SBN 6039366)
mpaladino@raklaw.com
**RUSS AUGUST & KABAT**
12424 Wilshire Boulevard, 12th Floor
Los Angeles, CA  90025
Telephone: 310-826-7474

Matthew D. Aichele (DC SBN 996085)
maichele@raklaw.com
**RUSS AUGUST & KABAT**
800 Maine Ave SW
Suite 200
Washington DC 20004
Telephone: 202-664-0623

**Attorneys for Plaintiff UnaliWear, Inc.**

RUSS, AUGUST & KABAT

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNALIWEAR, INC.,<br><br>Plaintiff,<br><br>vs.<br><br>GARMIN LTD., GARMIN USA, INC., AND GARMIN INTERNATIONAL, INC.,<br><br>Defendants. | Case No. 2:25-cv-11772<br><br>**COMPLAINT FOR PATENT INFRINGEMENT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff UnaliWear, Inc. ("UnaliWear") files this complaint against Defendants Garmin Ltd., Garmin USA, Inc., and Garmin International, Inc. (collectively, "Defendants" or "Garmin"), alleging infringement of U.S. Patent Nos. 10,051,410 and 10,687,193. The Accused Products are Garmin wearable products, including Garmin Forerunner products such as the Garmin Forerunner 970.

## BACKGROUND

1. This complaint arises from Defendants' infringement of the following United States patents owned by UnaliWear, each of which disclose wearable devices with activity tracking technology including for automatic fall detection: United States Patent Nos. 10,051,410 ("the '410 patent"), and 10,687,193 ("the '193 patent") (collectively, the "Asserted Patents").

2. UnaliWear, based in Austin, Texas, is a technology leader in the mobile emergency medical alert (mobile personal emergency response services (mPERS)) space. UnaliWear extends independence with dignity for independent but vulnerable populations by combining true 24x7 wearability (thanks to its quick-swap battery system in the band), continuous voice activation, patented automatic fall detection on the wrist, and go-anywhere service through the inclusion of cellular, Wi-Fi, and GPS telecommunications technology in a stylish, comfortable, and discreet Kanega Medical Alert Watch with Fall Detection. UnaliWear provides unobtrusive assistance to independent but vulnerable populations through the collection and processing of massive amounts of user-specific data, including motion and location data. By providing true 24x7 wearability, the Kanega Medical Alert Watch with Fall Detection saves lives by being present on the wrist when wearer populations are most vulnerable to falls – in the bathroom, at night.

3. UnaliWear has transformed how vulnerable people stay independent and control their own lives for longer, by applying machine learning to get vulnerable people help when they need it – no matter where they are, no matter what time it is. The user-specific data that UnaliWear processes is used to provide

unobtrusive support for wearers' specific motion patterns, reducing the percentage of false fall activations. A high percentage of false fall activations causes people to stop wearing their life safety device, thereby defeating its purpose in saving lives. UnaliWear's ground-breaking combination of true 24x7 wearability and specific motion pattern support made possible automatic fall detection on the wrist without a high level of false falls, and today, roughly 86% of the Kanega Medical Alert Watch with Fall Detection wearer population wears their Kanega Watch every day, versus the roughly 30% typical for other PERS solutions.

### PLAINTIFF UNALIWEAR AND THE PATENTS-IN-SUIT

4. Plaintiff UnaliWear was formed in 2013 and has been in continued existence and operation since that time. UnaliWear is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 3901 S Lamar Blvd, Suite 150, Austin, Texas 78704.

5. UnaliWear is the owner of U.S. Patent No. 10,051,410, entitled "Assist Device and System," which issued on August 14, 2018. A copy of the '410 patent is attached to this complaint as Exhibit 1.

6. UnaliWear is the owner of U.S. Patent No. 10,687,193, entitled "Assist Device and System," which issued on June 16, 2020. A copy of the '193 patent is attached to this complaint as Exhibit 2.

### DEFENDANTS AND THE ACCUSED PRODUCTS

7. On information and belief, Defendant Garmin International, Inc. is a corporation organized under the laws of Kansas having a regular and established place of business located at 1200 E. 151st Street, Olathe, Kansas 66062.

8. On information and belief, Defendant Garmin USA, Inc. is a corporation organized and existing under the laws of Kansas having a regular and established place of business located at 1200 E. 151st Street, Olathe, Kansas 66062.

9. On information and belief, Garmin Ltd. is a company organized and existing under the laws of Switzerland with its principal place of business at Mühlenstalstrasse 2, 8200 Schaffhausen, Switzerland.

10. Garmin International, Inc. and Garmin USA, Inc. are wholly-owned subsidiaries of Garmin Ltd. Garmin International, Garmin USA, and Garmin Ltd. are related entities.

11. The Accused Products are Garmin wearable products, including Garmin Forerunner Watch products such as the Garmin Forerunner 970.

## JURISDICTION AND VENUE

12. This action arises under the patent laws of the United States, Title 35 of the United States Code.

13. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

14. This Court has personal jurisdiction over Garmin in this action because Garmin has committed acts of infringement within this District giving rise to this action, has a regular and established place of business in this District, and has established minimum contacts with this forum such that the exercise of jurisdiction over Garmin would not offend traditional notions of fair play and substantial justice. Garmin, directly and/or through subsidiaries or intermediaries, conducts its business extensively throughout California, by shipping, distributing, offering for sale, selling, and advertising its products and/or services in California and the Central District of California, regularly do business or solicit business, engage in other persistent courses of conduct, and/or derive substantial revenue from products and/or services provided to individuals in California, and commit acts of infringement of UnaliWear's patents in this District by, among other things, making, using, importing, offering to sell, and selling products that infringe the asserted patents, including without limitation the Garmin Forerunner Watch products accused of infringement in this case.

15. Garmin, directly and/or through subsidiaries or intermediaries, have purposefully and voluntarily placed one or more products and/or services in the stream of commerce that practice the Asserted Patents with the intention and expectation that they will be purchased and used by consumers in the Central District of California. These products and/or services have been and continue to be purchased and used in the Central District of California.

16. Venue as to Garmin is proper in this District under 28 U.S.C. §§ 1391 and 1400(b). On information and belief, Garmin has transacted business in this District and has committed acts of direct and indirect infringement in this District by, among other things, making, using, importing, offering to sell, and selling products that infringe the Asserted Patents.

17. On information and belief, Defendant Garmin International, Inc. maintains a regular and established place of business at 120 Cremona Drive, Goleta, CA. Research and development activities are conducted at Garmin's Goleta, CA location, including software engineering related to the features and functionality of one or more of the Accused Products.

18. On information and belief, Defendant Garmin International, Inc. maintains a regular and established place of business at 21680 Gateway Center Drive, Diamond Bar, CA. Research and development activities are conducted at Garmin's Diamond Bar, CA location, including software engineering related to the features and functionality of one or more of the Accused Products.

19. On information and belief, Defendant Garmin Ltd. has shipped one or more of the Accused Products through the port of Los Angeles to Defendant Garmin USA, Inc. and/or Defendant Garmin International, Inc. for distribution within this Judicial District.

20. Defendant Garmin Ltd. has purposefully and knowingly directed sales of one or more of the Accused Products to California and this Judicial District, at least through agreements with its subsidiaries Garmin USA, Inc. and/or Garmin

International, Inc.

21. Defendant Garmin Ltd. is aware that its subsidiaries Garmin USA, Inc. and/or Garmin International, Inc. direct sales of the Accused Products to California and this Judicial District.

22. Defendant Garmin Ltd. maintains ownership of software operating on infringing products and systems within this jurisdiction. For example, Garmin provides: "Garmin Ltd. and its subsidiaries ("Garmin") grant you a license to use the software embedded in this device (the "Software") … Title, ownership rights, and intellectual rights in and to the Software remain in Garmin and/or its third-party providers." Source: Garmin vivofit Owner's Manual (available at *https://www8.garmin.com/manuals/webhelp/vivofit/EN-US/GUID-31E7CFE8-6348-49BC-9561-742127047774.html*). Many devices running Garmin owned software are operating to infringe in this Judicial District.

23. Defendant Garmin Ltd. is a foreign Corporation. Venue is proper as to a foreign defendant in any district.

24. Further, upon information and belief, Garmin has admitted or not contested proper venue in this Judicial District in other patent infringement actions.

## COUNT 1 – CLAIM FOR INFRINGEMENT OF THE '410 PATENT

25. UnaliWear incorporates by reference each of the allegations in the above paragraphs and further alleges as follows:

26. On August 14, 2018, the United States Patent and Trademark Office issued U.S. Patent No. 10,051,410, entitled "Assist Device and System." Ex. 1.

27. UnaliWear is the owner of the '410 patent with full rights to pursue recovery of royalties for damages for infringement, including full rights to recover past and future damages.

28. The written description of the '410 patent describes in technical detail each limitation of the claims, allowing a skilled artisan to understand the scope of

the claims and how the nonconventional and non-generic combination of claim limitations is patently distinct from and improved upon what may have been considered conventional or generic in the art at the time of the invention.

29.  UnaliWear has satisfied the requirements of 35 U.S.C. § 287(a) with respect to the '410 patent because of at least the following: (1) the marking of Kanega Medical Alert Watch with Fall Detection products with the number of the '410 patent and the listing of the number of the '410 patent on UnaliWear's website in connection with such products, *see, e.g.*, https://www.unaliwear.com; (2) the filing of this Complaint and the companion action in the International Trade Commission also detailing allegations of infringement of the Asserted Patent against Defendants; and (3) Defendants' full access to study Plaintiff's public IP portfolio, including its patents and pending applications. UnaliWear is entitled to damages for Defendants' past infringement.

30.  Defendants have directly infringed (literally and equivalently) and induced their customers to infringe the '410 patent by making, using, selling, offering for sale, or importing products that infringe the claims of the '410 patent and by inducing others to infringe the claims of the '410 patent without a license or permission from UnaliWear.

31.  On information and belief, Defendants use, import, offer for sale, and sell certain infringing products in the United States. The Accused Products are, for example, Garmin wearable products, including Garmin Forerunner Watch products such as the Garmin Forerunner 970.

32.  For example, attached as Exhibit 3 is a chart setting forth a description of Defendants' infringement of claim 1 of the '410 patent.

33.  Defendants also knowingly and intentionally induce and contribute to infringement of the '410 patent in violation of 35 U.S.C. §§ 271(b) and 271(c).

34.  Despite this knowledge of the '410 patent, Defendants continue to actively encourage and instruct its customers and end users (for example, through

its user manuals and online instruction materials on its website) to use the Accused Products in ways that directly infringe the '410 patent. Defendants do so knowing and intending that their customers and end users will commit these infringing acts. Defendants also continue to make, use, offer for sale, sell, and/or import the Accused Products, despite their knowledge of the '410 patent, thereby specifically intending for and inducing its customers to infringe the '410 patent through the customers' normal and customary use of the Accused Products.

35. Defendants have infringed multiple claims of the '410 patent, including independent claim 1. By way of example only, the normal and customary use of the Accused Products made, used, sold, offered for sale and/or imported by Defendants infringes an exemplary claim of the '410 patent, as in the description set forth in Exhibit 3, which UnaliWear provides without the benefit of information about the Accused Products obtained through discovery.

36. Defendants have known how the Accused Products are made and have known, or have been willfully blind to the fact, that making, using, offering to sell, and selling the Accused Products to their customers, would constitute willful infringement of the '410 patent. Those products imported into and sold within the United States include, without limitation, Garmin wearable products, including Garmin Forerunner Watch products such as the Garmin Forerunner 970.

37. Defendants have induced, and continue to induce, infringement of the '410 patent by actively encouraging others (including its customers) to use, offer to sell, sell, and import the Accused Products. On information and belief, these acts include providing information and instructions on the use of the Accused Products; providing information, education, and instructions to its customers and end users; and providing the Accused Products to customers and end users.

38. UnaliWear has been damaged by Defendants' infringement of the '410 patent and is entitled to damages as provided for in 35 U.S.C. § 284, including reasonable royalty damages.

## COUNT 2 – CLAIM FOR INFRINGEMENT OF THE '193 PATENT

39.  UnaliWear incorporates by reference each of the allegations in the above paragraphs and further alleges as follows:

40.  On June 16, 2020, the United States Patent and Trademark Office issued U.S. Patent No. 10,687,193, entitled "Assist Device and Systems." Ex. 2.

41.  UnaliWear is the owner of the '193 patent with full rights to pursue recovery of royalties for damages for infringement, including full rights to recover past and future damages.

42.  The written description of the '193 patent describes in technical detail each limitation of the claims, allowing a skilled artisan to understand the scope of the claims and how the nonconventional and non-generic combination of claim limitations is patently distinct from and improved upon what may have been considered conventional or generic in the art at the time of the invention.

43.  UnaliWear has satisfied the requirements of 35 U.S.C. § 287(a) with respect to the '193 patent because of at least the following: (1) the marking of Kanega Medical Alert Watch with Fall Detection products with the number of the '193 patent and the listing of the number of the '193 patent on UnaliWear's website in connection with such products, *see, e.g.*, https://www.unaliwear.com; (2) the filing of this Complaint and the companion action in the International Trade Commission also detailing allegations of infringement of the Asserted Patent against Defendants; and (3) Defendants' full access to study Plaintiff's public IP portfolio, including their its and pending applications. UnaliWear is entitled to damages for Defendants' past infringement.

44.  Defendants have directly infringed (literally and equivalently) and induced their customers to infringe the '193 patent by making, using, selling, offering for sale, or importing products that infringe the claims of the '193 patent

and by inducing others to infringe the claims of the '193 patent without a license or permission from UnaliWear.

45. On information and belief, Defendants use, import, offer for sale, and sell certain infringing products in the United States. The Accused Products are, for example, Garmin wearable products, including Garmin Forerunner Watch products such as the Garmin Forerunner 970.

46. For example, attached as Exhibit 4 is a chart setting forth a description of Defendants' infringement of claim 1 of the '193 patent.

47. Defendants also knowingly and intentionally induce and contribute to infringement of the '193 patent in violation of 35 U.S.C. §§ 271(b) and 271(c).

48. Despite this knowledge of the '193 patent, Defendants continue to actively encourage and instruct its customers and end users (for example, through its user manuals and online instruction materials on its website) to use the Accused Products in ways that directly infringe the '193 patent. Defendants do so knowing and intending that their customers and end users will commit these infringing acts. Defendants also continue to make, use, offer for sale, sell, and/or import the Accused Products, despite their knowledge of the '193 patent, thereby specifically intending for and inducing its customers to infringe the '193 patent through the customers' normal and customary use of the Accused Products.

49. Defendants have infringed multiple claims of the '193 patent, including independent claim 1. By way of example only, the normal and customary use of the Accused Products made, used, sold, offered for sale and/or imported by Defendants infringes an exemplary claim of the '193 patent, as in the description set forth in Exhibit 4, which UnaliWear provides without the benefit of information about the Accused Products obtained through discovery.

50. Defendants have known how the Accused Products are made and have known, or have been willfully blind to the fact, that making, using, offering to sell, and selling the Accused Products to their customers, would constitute willful

infringement of the '193 patent. Those products imported into and sold within the United States include, without limitation, Garmin wearable products, including Garmin Forerunner Watch products such as the Garmin Forerunner 970.

51. Defendants have induced, and continue to induce, infringement of the '193 patent by actively encouraging others (including its customers) to use, offer to sell, sell, and import the Accused Products. On information and belief, these acts include providing information and instructions on the use of the Accused Products; providing information, education, and instructions to its customers and end users; and providing the Accused Products to customers and end users.

52. UnaliWear has been damaged by Defendant's infringement of the '193 patent and is entitled to damages as provided for in 35 U.S.C. § 284, including reasonable royalty damages.

## JURY DEMAND

53. UnaliWear demands a jury trial pursuant to Federal Rule of Civil Procedure 38.

## RELIEF REQUESTED

UnaliWear prays for the following relief:

A. A judgment in favor of UnaliWear that Defendants have infringed the Asserted Patents, and that the Asserted Patents are valid and enforceable;

B. A judgment and order requiring Defendants to pay UnaliWear past and future damages arising out of Defendants' infringement of the Asserted Patents in an amount no less than a reasonable royalty, costs, expenses, and pre- and post-judgment interest for its infringement of the asserted patents, as provided under 35 U.S.C. § 284;

C. A permanent injunction prohibiting Defendants from further acts of infringement of the Asserted Patents;

D.     A judgment and order requiring Defendants to provide an accounting and to pay supplemental damages to UnaliWear, including, without limitation, pre-judgment and post-judgment interest;

E.     A judgement that Defendants' infringement is willful and enhanced damages and fees as a result of that willfulness under 35 U.S.C. § 284;

F.     A finding that this case is exceptional under 35 U.S.C. § 285, and an award of UnaliWear's reasonable attorney's fees and costs; and

G.     Any and all other relief to which UnaliWear may be entitled.

DATED:  December 12, 2025                Respectfully submitted,

/s/Reza Mirzaie

Reza Mirzaie (CA SBN 246953)
rmirzaie@raklaw.com
Neil A. Rubin (CA SBN 250761)
nrubin@raklaw.com
James Tsuei (CA SBN 285530)
jtseui@raklaw.com
Bradley A. Hyde (CA SBN 301145)
bhyde@raklaw.com
Susan Tull (DC SBN 992644)
stull@raklaw.com
Sarah Wang (NY SBN 5334602)
swang@raklaw.com
Mackenzie Paladino (NY SBN 6039366)
mpaladino@raklaw.com
**RUSS AUGUST & KABAT**
12424 Wilshire Boulevard, 12th Floor
Los Angeles, CA  90025
Telephone: 310-826-7474

Matthew D. Aichele (DC SBN 996085)
maichele@raklaw.com
**RUSS AUGUST & KABAT**
800 Maine Ave SW
Suite 200
Washington DC 20004
Telephone: 202-664-0623

**Attorneys for Plaintiff UnaliWear, Inc.**