Rachael Lamkin (SBN 246066)
rachael.lamkin@bakerbotts.com
BAKER BOTTS L.L.P.
101 California St., Suite 3200
San Francisco, CA 94111
Telephone: +1.415.291.6200
Fax: +1.415.291.6300

Attorney For Defendants
Garmin, Ltd. et al.

IN THE UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNALIWEAR, INC.,<br><br>Plaintiff,<br><br>v.<br><br>GARMIN LTD., GARMIN USA, INC., AND GARMIN INTERNATIONAL, INC.<br><br>Defendants. | Case No.: 2:25-cv-11772<br><br>**DEFENDANTS' MPA ISO UNOPPOSED MOTION TO STAY PENDING ITC PROCEEDINGS**<br><br>**Hearing Date: February 27, 2026**<br>**Time: 1:30 PM**<br>**Courtroom: 6A**<br>**Judge: Hon. Michelle Williams Court** |

## I.     INTRODUCTION

Pursuant to 28 U.S.C. § 1659, Defendants Garmin Ltd., Garmin USA, Inc., and Garmin International, Inc. (collectively, "Garmin" or "Defendants") respectfully move for an Order staying the above-captioned matter, including all currently scheduled deadlines, until the determination of the United States International Trade Commission ("ITC") in *Certain Wearable Devices with Fall Detection and Components Thereof*, Inv. No. 337-TA-1477 (the "1477 Investigation"), becomes final, including any and all appeals. Plaintiff Unaliwear, Inc. ("Plaintiff" or "Unaliwear") does not oppose this motion.

## II.    BACKGROUND

On December 12, 2025, Plaintiff filed its complaint (the "Complaint") in this action. The Complaint alleges that Defendants infringe two patents: United States Patent Nos. 10,051,410 (the "'410 patent") and 10,687,193 (the "'193 patent") (collectively, the "Asserted Patents").

On December 12, 2025, Plaintiff filed a Complaint before the ITC alleging a violation of Section 337 of the Tariff Act of 1930, as amended, 19 U.S.C. § 1337, based on the alleged infringement of both of the asserted patents here, namely the '410, and '193 patents. The ITC Complaint named Defendants as proposed respondents in the ITC action.[1]

On January 8, 2026, the ITC instituted the 1477 Investigation based on Unaliwear's ITC Complaint. Ex. 1. Thus, at present, each Defendant named in this action is also a respondent in the 1477 Investigation, and both asserted patents in this action are also asserted in the 1477 Investigation.

## III.   LEGAL STANDARD

Under 28 U.S.C. § 1659(a), "[i]n a civil action involving parties that are also parties to a proceeding before the United States International Trade Commission under section 337 of the Tariff Act of 1930, at the request of a party to the civil action that is also a respondent in the proceeding before the Commission, the district court *shall stay*, until the determination of the Commission becomes final, proceedings in the civil action with respect to any claim that involves

---

[1] The ITC Complaint also names four other proposed respondents.

the same issues involved in the proceeding before the Commission," provided the request is timely. Such a request is timely if made within "(1) 30 days after the party is named as a respondent in the proceeding before the Commission, or (2) 30 days after the district court action is filed, whichever is later." *Id.* (emphasis added). 19 C.F.R. § 210.3 explains that respondent means any person named in a notice of institution. This request has been made under (1), within 30 days, as the ITC action was instituted on January 6, 2026.

### IV. ARGUMENT

Defendants respectfully request that the Court stay the entirety of this matter until the determination of the 1477 Investigation becomes final, including any and all appeals. With respect to both the patents asserted by Plaintiff in this action—which are also asserted by Plaintiff in the 1477 Investigation—such a stay is required by 28 U.S.C. § 1659(a). Plaintiff does not oppose this mandatory stay request.

#### A. Plaintiff's Complaint is Subject to the Mandatory Stay

The mandatory stay requirements of 28 U.S.C. § 1659(a) (quoted above) are satisfied as to Plaintiff's Complaint. ***First***, all Defendants that are parties to this action are respondents in the 1477 Investigation. ***Second***, the same issues concerning the '410 and '193 Patents are involved in both proceedings. ***Third***, this request for a mandatory stay is timely because it is being made within thirty (30) days after the two Defendants were named as respondents in the ITC investigation. 28 U.S.C. § 1659(a). The Complaint in this case was filed on December 12, 2025, and all Defendants in this action were named as respondents in the 1477 Investigation on January 6, 2026, when the ITC instituted the investigation. *See* Ex. 1; 19 C.F.R. § 210.3 (effective May 20, 2013) (defining "respondent" as "any person named in a notice of investigation"). Less than thirty (30) days has passed since the ITC instituted the 1477 Investigation and named Defendants as respondents. Thus, this request for a mandatory stay is timely.

Plaintiff does not oppose the mandatory stay. Therefore, Plaintiff's Complaint should be stayed.

### B. Requested Relief

Defendants respectfully request a stay of this action in its entirety pending final resolution of the 1477 Investigation, including all appeals. As set forth in Defendants' proposed order, the parties shall jointly advise the Court of the final decision in the 1477 Investigation no more than fourteen (14) days after that action becomes final.

In addition, the parties have agreed that Defendants will have ninety (90) days from the lifting of the stay to move against, answer, or otherwise respond to the Complaint.[2]

### V.    CONCLUSION

For all of the foregoing reasons, Defendants respectfully request that pursuant to 28 U.S.C. § 1659(a), the Court enter an order staying this action in its entirety as to all parties, all claims, and all Asserted Patents until a final determination of the 1477 Investigation, and that Defendants have ninety (90) days to move against, answer, or otherwise respond to the Complaint following dissolution of the stay, and otherwise vacating all deadlines in this action until such time as the stay is lifted and new deadlines are established.

---

[2] The Parties had previously agreed on January 2, 2026 that the Garmin defendants shall answer 90 days from that date (April 2, 2026), pursuant to a waiver of service of process signed by Garmin, Ltd. This is consisted with Federal Rule of Civil Procedure 12(a)(1)(A)(ii), which provides that if a defendant located outside of the United States (*i.e.*, Garmin Ltd., a Switzerland company) has timely waived service, the defendant may have 90 days to respond to the Complaint. Because the stay is unopposed, Plaintiff agrees that Garmin does not need to answer while the stay is in effect, and agrees to allow Garmin defendants 90 days from the lifting of the stay to respond. Garmin understands Plaintiff intends to file said waiver with this Court pursuant to this Court's Order to Show Cause, Dkt. No. 32.

| | | |
|---|---|---|
| 1 | Dated: January 20, 2026 | BAKER BOTTS L.L.P. |
| 2 | | /s/ *Rachael Lamkin* |
| 3 | | Rachael Lamkin (SBN 246066) |
| | | rachael.lamkin@bakerbotts.com |
| 4 | | BAKER BOTTS L.L.P. |
| | | 101 California St., Suite 3200 |
| 5 | | San Francisco, CA 94111 |
| | | Telephone: +1.415.291.6200 |
| 6 | | Fax: +1.415.291.6300 |
| 7 | | |
| 8 | | Attorney For Defendants |
| | | Garmin, Ltd. et al. |